**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NO.:

SCARLETH MEZA,

     Plaintiff,

vs.

HIBACHI GRILL, INC. a Florida profit corporation
D/B/A HIBACHI GRILL AND NOODLE BAR,

     Defendant.

_____/

**COMPLAINT**

     Plaintiff SCARLETH MEZA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant HIBACHI GRILL INC., a Florida profit corporation D/B/A HIBACHI GRILL AND NOODLE BAR (hereinafter, "HIBACHI GRILL") and states as follows:

**JURISDICTION AND VENUE**

1.  This is an action for damages and other relief for unpaid overtime wages and unlawful termination committed by Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.  Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

1

4.  Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5.  Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6.  During all times relevant to this Complaint, Plaintiff was employed by Defendant as a waitress. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7.  Defendant HIBACHI GRILL is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant HIBACHI GRILL had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8.  Defendant HIBACHI GRILL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.  Specifically, Defendant HIBACHI GRILL is a restaurant where they use goods transported across interstate lines. Plaintiff worked as a waitress serving food to customers as well as assisted with the cleaning of the restaurant.

10. At all times material to this Complaint, HIBACHI GRILL, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

2

11. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly handled food products, utilized telephones, and cleaning supplies.

12. Defendant HIBACHI GRILL upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant was an "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

15. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Specifically, Plaintiff performed work for Defendant as a non-exempt waitress from on or about August 2019 until on or about September 2020.

17. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

18. Throughout her employment, Plaintiff routinely worked an average of 7 hours a day, six days per week during the period of time covered by this Complaint.

19. Despite the fact that Plaintiff worked over 40 hours in a workweek, she was not paid overtime by Defendant. Specifically, Defendant failed to compensate Plaintiff at a rate no less than one and one and half times her regular rate for all hours worked in excess of forty (40) hours.

20. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

21. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

22. Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

23. On or around March 2020, Plaintiff complained to Defendant's managers and or supervisors Diane Gayle and Ranya Agu Nazam about the Defendant's failure to pay at the proper rate for each hour of overtime.

24. On or around May 2020, after she followed up regarding her complaints Plaintiff was informed by Diane Gayle that the Defendant did not pay overtime.

25. Shortly thereafter, on or around September 2020, the Plaintiff was terminated.

26. Plaintiff suffered adverse employment consequences as a result of her exercise of rights protected under the FLSA in that she claimed her right to payment of overtime wages.

27. Any other reason for Plaintiff's termination is merely pretext for Defendant's unlawful termination of Plaintiff.

28. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
### against HIBACHI GRILL

30. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

31. This action is brought by Plaintiff to recover from Defendant HIBACHI GRILL unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Since the commencement of Plaintiff's employment HIBACHI GRILL has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

33. Specifically, throughout her employment Plaintiff regularly worked between 50 to 60 hours during each workweek in which she was employed.

34. HIBACHI GRILL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). HIBACHI GRILL's business activities involve those to which the Fair Labor Standards Act applies.

35. The Plaintiff was a waitress and was at all relevant times, covered by the FLSA.

36. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

37. HIBACHI GRILL has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

38. By reason of the said intentional, willful and unlawful acts of HIBACHI GRILL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

40. HIBACHI GRILL never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. As a result of HIBACHI GRILL's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from HIBACHI GRILL.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant HIBACHI GRILL:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**FLSA RETALIATION**
**against HIBACHI GRILL**

43. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

44. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

45. HIBACHI GRILL's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

46. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of her earned wages.

47. HIBACHI GRILL's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant HIBACHI GRILL:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, SCARLETH MEZA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: March 17, 2021              **PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com